Eastern District of Kentucky
F I L E D
JUL 14 2011
AT LEXINGTON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

CIVIL ACTION NO. 05-CV-599-KKC

WILLIAM HENRY CLAY                                                                         PLAINTIFF

## MEMORANDUM OPINION AND ORDER

UNITED STATES OF AMERICA                                                          DEFENDANT

Plaintiff William Henry Clay, *pro se*, seeks relief from the September 28, 2007, Order and Judgment dismissing his federal negligence/tort claims, and asks the Court to re-open this proceeding under Federal Rule of Civil Procedure 60 (b) and (d). For the reasons set forth below, Clay's motion will be denied.

### RELEVANT PROCEDURAL HISTORY

On September 28, 2007, the Court entered a Memorandum Opinion and Order ("Opinion and Order") and Judgment, [R. 45 & 46], granting the United States' second Motion to Dismiss, and dismissing the negligence claims which Clay had asserted under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA").[1]

No further activity ensued in this proceeding until January 11, 2008. On that date, the Clerk of the Court received a letter from Clay in which he stated that the last activity in the case, of which he was aware, had been the entry of an Order on June 29, 2007, Order

---

[1] On September 21, 2006, the Court partially granted the United States' first motion to dismiss and dismissed Clay's constitutional claims, but allowed Clay's FTCA claims to proceed. [R. 32 & 33]. The United States subsequently filed a Second motion to dismiss Clay's FTCA claims, which the Court granted in the Opinion and Order and Judgment of September 28, 2007. [R. 45 & 46].

directing the United States to reply to his Response to the United States' second Motion to Dismiss/ Summary Judgment. [R. 47]. Clay also asked the Clerk to provide him with the status of the case in relation to a Scheduling Order, [R. 36], which had been entered over a year before, on October 5, 2006. *See* Clay Letter, [R. 47].

The Deputy Clerk responded by letter of January 11, 2008, informing Clay that the Court dismissed his case on September 28, 2007, and that on that date, the Clerk's Office had mailed him copies of both the Opinion and Order and Judgment dismissing his case. *See* Clerk's Reply Letter, [R. 47-4]. The Deputy Clerk also enclosed another copy of both the Opinion and Order and Judgment. [*Id.*].

On January 28, 2008, Clay filed a motion, [R. 48], seeking a forty-five (45) day extension of time in which to appeal the Opinion and Order and Judgment. Clay alleged that until he received the Deputy Clerk's reply letter of January 11, 2008, he was unaware that the Court had granted the United States' motion for summary judgment and had dismissed his FTCA claims on September 28, 2007. [*Id*].

The Court construed Clay's motion as a request to file a late appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). [R. 49]. On January 30, 2008, the Court denied the motion, finding that Clay failed to establish that had not received notice of Opinion and Order and Judgment within 21 days of its entry, as required under Rule 4(a)(6)(A).[2] Clay did

---

[2] The Court noted that the record contained **no** indication that the Post Office had returned as "undeliverable" either (1) the government's "Reply" which its counsel certified mailing to Clay on July 11, 2007, at the United States Penitentiary in Atlanta, Georgia ("USP-Atlanta"), Clay's address

not appeal that Order.

Over three years later, On May 23, *2011*, Clay filed the instant motion under Federal Rules of Civil Procedure 60(b) and(d), asking the Court to reopen his case. [R. 51]. He again alleges that until he received the Deputy Clerk's January 11, 2008, reply letter, he was unaware that his FTCA claims had been dismissed on September 28, 2007. Clay acknowledges receiving a copy of the January 30, 2008, Order denying his motion to file a late appeal, but he neither addresses nor explains his failure to appeal that Order. Clay alleges that as a *pro se* litigant, he lacks legal knowledge; that he should have been appointed counsel to represent him in this case; and that had he been notified of the Opinion and Order when it was entered, he would have filed a timely "traverse" or "rebuttal" to it.

Clay argues that the Court's failure to timely notify him of the Opinion and Order, and its subsequent refusal to allow him to file a late appeal in January 2008, have denied him due process of law. He alleges that the denial of his "day in court" can be remedied only by re-opening this proceeding and allowing him to respond to the Opinion and Order and Judgment, and/or file an appeal. [R. 51, p. 3].

Clay relies on Federal Rule of Civil Procedure 60 (b), which allows relief from judgment

---

of record at that time, or (2) copies of the Opinion and Order and Judgment which the Clerk of the Court certified in the record that she mailed to Clay, at USP-Atlanta, on September 28, 2007. [*Id.*].

The Court also cited *Benson v. State of Tennessee*, No. 04-2578, 2006 WL 1302533 (W. D. Tenn., May 5, 2006), in which the plaintiff, like Clay, alleged that he had not received the order of dismissal until the case was closed, then asked to reopen the time for appeal under Fed. R. App. P. 4(a)(6). The district court denied the request, finding that "the dismissal order and judgment were mailed to the plaintiff at his address of record and were not returned by the post office." *Benson*, 2006 WL 1302533 at *1.

3

for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);[3] (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) a judgment that has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated ; or (6) any other reason justifying relief from the operation of the judgment.

Clay also relies on Federal Rule of Civil Procedure 60(d) as grounds for re-opening this proceeding. Rule 60(d), entitled "Other Powers to Grant Relief," permits a district court to entertain an independent action to relieve a party from a judgment, order, or proceeding; grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or set aside a judgment for fraud on the court.

## DISCUSSION
### 1. Relief under Rule 60(b) Not Warranted

Clay is not entitled to post-judgment relief under Rule 60 (b)(1)-(3) for two reasons. First, his motion is untimely. A motion under Rule 60(b)(1)-(3) must be made no more than a year after the entry of the judgment or order or the date of the proceeding. FED R. CIV. P. 60(c)(1); *Conner v. Attorney General*, 96 F. App'x 990, 992 (6th Cir. 2004). In his January 28, 2008, motion, Clay alleged that he had just learned on January 11, 2008, that his case had been

---

[3] A court may alter a judgment pursuant to Rule 59(e) if it was premised upon a clear misunderstanding of the controlling law or the issues presented by the parties, or where after entry of the judgment the parties discover previously-unavailable and material evidence or there is an intervening change in the controlling law. *Owner-Op. Indep. Drivers Ass'n v. Arctic Express*, 288 F. Supp. 2d 895, 900 (S. D. Ohio 2003); *Braxton v. Scott*, 905 F. Supp. 455 (N.D. Ohio 1995).

dismissed, yet he waited a *three years and four months* to file his current motion seeking relief from judgment under Rule 60. Clearly, any claim based on Rule 60(b)(1)-(3) is time-barred.

Second, even assuming Clay's motion was not time-barred, he does not allege grounds constituting mistake, inadvertence, surprise, or excusable neglect; he does not allege fraud, misrepresentation, or other misconduct by the United States; and he does not present newly discovered evidence, which by due diligence he could not have discovered earlier. *See* FED R. CIV. P. 60(b)(1)-(3). The judgment is not void, so Rule 60(b)(4) does not assist Clay.

At best, his claims fall under Rule 60(b)(6), the residual provision. Rule 60(b) provides relief from judgment only in the unusual and extreme situation when "principles of equity" mandate relief. *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). Such a situation does not exist in this case. On January 30, 2008, the Court denied Clay's request to file a late appeal because the record did not support his claim that he did not receive a copy of the Opinion and Order and Judgment, and thereby learn of the dismissal of his FTCA claims, until early January 2008, four months after the fact. Had Clay disagreed with that decision, he could have appealed that Order, but he did not do so.

Further, as noted, Clay did not file the instant motion seeking relief from judgment under Rule 60(b) until May 23, 2011, although he alleged that he learned on January 11, 2008, over three years prior, that his FTCA claims had been dismissed. The definition of reasonable time "ordinarily depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

While a district court has broad discretion in deciding such matters, its discretion is circumscribed by public policy favoring finality of judgments and termination of litigation. *See Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

Because Clay fails to explain why his three-year delay in filing the instant motion should be considered as "reasonable" under Rule 60(b), and the Court can divine no explanation on its own, Clay's delay in filing this motion is therefore unreasonable. *See* FED. R. CIV. P. 60(c)(1) (stating that a motion under Rule 60 (b) must be brought "within a reasonable time...."). Thus, Clay has not presented an "unusual and extreme situation where principles of equity mandate relief" under Rule 60(b)(6) which would permit this Court to proceed against the "public policy favoring finality of judgments and termination of litigation." *Diamond Coal Co.*, 249 F.3d at 524 (citing *Waifersong Ltd., Inc.*, 976 F.2d at 292).

## 2. Relief under Rule 60(d) Not Warranted

Clay is not entitled to the extraordinary forms of relief permitted under Rule 60(d). While Rule 60(b) is generally a party's exclusive avenue when seeking relief from a final judgment or order, *see United States v. Beggerly*, 524 U.S. 38, 46 (1998), Rule 60(d) provides a "savings clause, preserving the law before its enactment in 1946, that allows judgments to be attacked without regard to the passage of time[.]" *Computer Leasco, Inc. v. NTP, Inc.*, 194 F. App'x. 328, 334 (6th Cir. 2006). But relief through an independent action is available only in cases "of unusual and exceptional circumstances." *Rader v. Cliburn*, 476 F.2d 182, 184 (6th Cir. 1973). In this case, no fraud has been perpetrated on the Court, and Clay offers no valid reason justifying either an independent action relieving

him of the Opinion and Order and Judgment, or mandamus relief under 28 U.S.C. § 1655.

One other district court in this circuit has denied a motion seeking relief under both Rule 60(b) and (d) under somewhat similar facts. In *Walker v. McKee*, No. 04-40066-BC, 2010 WL 2231795, at *4 (E. D. Mich. June 2, 2010), Petitioner Victor Walker sought post-judgment relief, under Rule 60(b) and (d), of the Order denying his habeas petition. The district court denied Walker's motion, and with respect to his reliance on Rule 60(d), noted that Walker had an earlier opportunity to obtain post-judgment relief by filing a motion to reopen the appellate time period; that Walker did not avail himself of that remedy; and that Walker waited more than three years after receiving the Order denying his petition before seeking relief under Rule 60(b) and (d). *Id.*, at *4.

In this case, Clay filed a motion in January 2008 to reopen the appellate time period, but he did not appeal the Order denying that motion. And, like unsuccessful Petitioner Walker, Clay also waited three years to file a motion seeking relief under Rule 60(b) and (d) without explaining his delay in filing the motion. Clay has failed to show "unusual and exceptional circumstances" entitling him to an extraordinary remedy under Rule 60(d).

In summary, Clay has not established grounds to re-open this proceeding under either Rule 60(b) or (d). His motion will therefore be denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff William Henry Clay's motion under Federal Rule of Civil Procedure Rule 60(b) and (d), [R. 51], seeking relief from the

September 28, 2007, Opinion Order and Judgment, [R. 45 & 46], is **DENIED**.

This 14th day of July, 2011.



Signed By:
*Karen K. Caldwell*
United States District Judge